UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> B BRAND SHEET METAL INCORPORATED INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:18-cv-329 (LO/IDD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Default Judgment from the Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF"); Board of Trustees, International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"); Board of Trustees, National Energy Management Institute Committee ("NEMI"); Board of Trustees, Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"); and the Board of Trustees, Sheet Metal Workers' International Scholarship Fund ("SMWISF") (collectively, the "Funds" or "Plaintiffs") against B Brand Sheet Metal Incorporated Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 7.)

After a licensed attorney for Defendant failed to appear at the hearing on July 6, 2018, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment and the memorandum thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

1

## I. INTRODUCTION

On March 23, 2018, Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1.) Section 515 of ERISA and Section 301 of LMRA allow parties to enforce provisions of their collective bargaining agreements ("CBAs"). 29 U.S.C. § 1145; 29 U.S.C. § 185. Plaintiffs seek a money judgment awarding delinquent contributions, interest, liquidated damages, audit fees and costs, and attorneys' fees and costs. (Dkt. Nos. 1 at 6, 7 at 1.)

### A. Jurisdiction and Venue

For a court to render default judgment over a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under ERISA and LMRA, which are federal laws.

For a court to exercise personal jurisdiction over a defendant in an ERISA action, the defendant must be served with process and have "sufficient aggregate contacts with the United States as a whole," pursuant to the Fifth Amendment. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1044 (E.D. Va. 1997) (holding that because ERISA provides for nationwide service of process, the Fifth Amendment "national contacts" theory, rather than Virginia's long-arm statute, applies). As discussed below, Defendant was properly served with process. Defendant is a New Jersey corporation with its principal place of business in New Jersey and thus has sufficient aggregate contacts with the United States as a whole. (Compl. ¶ 7.) Therefore, this Court has personal jurisdiction over Defendant.

Finally, as to venue, an ERISA action may be brought in the "district where the plan is administered." 29 U.S.C. § 1132(e)(2). In this case, the Funds are administered in Fairfax, Virginia, which is within the Eastern District of Virginia. (Compl. ¶ 3.) Furthermore, a claim for breach of contract of a CBA under LMRA may be brought "in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). As discussed above, this Court has jurisdiction over the parties. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve a defendant properly under federal or state law, a court lacks personal jurisdiction and may not enter default judgment against the defendant. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946))), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing the district court's decision to enter default judgment against a non-resident defendant because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with the summons and complaint).

Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). On April 27, 2018, a private process server served Leo

3

Sckura, registered agent of B Brand Sheet Metal Incorporated Inc., by delivering a copy of the Summons and Complaint to B Brand Sheet Metal Incorporated Inc.'s principal place of business at 1117 Hollywood Boulevard, Point Pleasant, NJ 08742. (Compl. ¶ 7, Dkt. No. 3.) Therefore, Plaintiffs properly served B Brand Sheet Metal Incorporated Inc. with process.

### C. Grounds for Default

Plaintiffs filed their Complaint on March 23, 2018. (Dkt. No. 1.) Defendant failed to appear, answer, or file any responsive pleading in this matter. On May 21, 2018, Plaintiffs filed a Request for Entry of Default with the Clerk. (Dkt. No. 5.) On May 23, 2018, the Clerk entered default against Defendant. (Dkt. No. 6.) On June 15, 2018, Plaintiffs filed their Motion for Default Judgment, and the Court held a hearing on the matter on July 6, 2018. (Dkt. Nos. 7, 12.) After Defendant failed to appear at the July 6, 2018 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II. <u>EVALUATION OF PLAINTIFFS' COMPLAINT</u>

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations

in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.    <u>FACTUAL FINDINGS AND ANALYSIS</u>

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment, and memorandum in support thereof.[1] Plaintiffs are the boards of trustees of multiemployer employee benefit plans[2] administered from offices located in Fairfax, Virginia. (Compl. ¶¶ 3, 5.) Defendant is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. §§ 152(2), (6), (7), and 1002(5), (11), (12). (*Id.* ¶¶ 6, 7.) Defendant is a signatory to, and is bound by, a CBA with International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union No. 27 (the "Union"). (*Id.* ¶¶ 9, 10.)

---

[1] Because Defendant failed to answer Plaintiffs' Complaint, Defendant admits Plaintiffs' factual allegations. Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

[2] Such plans are defined by ERISA, 29 U.S.C. § 1002(3), (37).

## A. Unpaid Contributions

Plaintiffs allege that Defendant violated ERISA by failing to submit remittance reports and contribution payments to the Funds. (Compl. ¶ 19.) The completed remittance reports and payments must be submitted by the twentieth day after the end of each month during which covered work was performed. (*Id.* ¶ 13.) Defendant is also required to pay interest on any delinquent contributions calculated at the rate of 0.0233% per day, compounded daily; late charges; and liquidated damages. (*Id.* ¶ 19.) Defendant failed to make all the required contributions for the period from January 1, 2013 through December 31, 2015. (*Id.* ¶ 17.) Therefore, the undersigned finds that Defendant is liable to Plaintiffs under ERISA.

When a plaintiff is awarded a judgment to collect delinquent contributions pursuant to ERISA, the plaintiff is entitled to the following damages: (A) the unpaid contributions, (B) interest on the unpaid contributions, and (C) an amount equal to the greater of interest on the unpaid balance or liquidated damages of up to twenty percent of the withdrawal liability. 29 U.S.C. § 1132(g)(2). The undersigned finds that Defendant owes Plaintiffs a total of $77,095.59, as specified in the following table, for unpaid contributions, interest on the unpaid contributions, and liquidated damages.[3]

| Plaintiff Fund | Delinquent Contributions | Interest | Liquidated Damages | Total |
|---|---|---|---|---|
| ITI | $475.43 | $163.24 | $163.24 | $801.91 |
| NEMI | $118.85 | $40.81 | $40.81 | $200.47 |
| NPFA | $45,249.85 | $15,321.44 | $15,321.44 | $75,892.73 |
| SMOHIT | $79.24 | $27.21 | $27.21 | $133.66 |
| SMWISF | $39.62 | $13.60 | $13.60 | $66.82 |

---

[3] Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), the Funds are entitled to a second assessment of interest in lieu of liquidated damages if the amount of interest is greater than 20% of the amount owed. (Dkt. No. 7 at 2.) Here, interest exceeds 20% of the delinquency and so the amount of liquidated damages owed is calculated as a second assessment of interest. (*Id.*)

6

| Total | $45,962.99 | $15,566.30 | $15,566.30 | $77,095.59 |

(Dkt. No. 9 at Ex. 7.)

### B. Audit Fees and Costs

Plaintiffs allege that Defendant is liable to Plaintiffs under ERISA and LMRA for breach of the CBA. (Compl. ¶ 19.) Defendant was also bound by the CBA, which further binds Defendant to the terms and conditions of the trust agreements and the rules established by the Boards of Trustees. (*Id.* at ¶¶ 10-11.) The CBA and trust documents provide that if an audit revealed insufficient contributions, the employer must pay all accountants' fees incurred in making the audit. (Dkt. Nos. 9-1 at 9, 9-2 at 17.) In this case, Defendant has failed to make full payments of contributions. Plaintiffs alleged that Defendant was liable for $1,600 in audit fees in the Complaint but now seek $700.37 in their Motion. Therefore, the undersigned finds that Defendant owes Plaintiffs a total of $700.37 in audit fees and costs. (Compl. ¶ 20, Dkt. No. 7 at 2.)

### C. Attorneys' Fees and Costs

When a plaintiff is awarded a judgment to collect delinquent contributions pursuant to ERISA, the plaintiff is entitled to collect attorneys' fees and costs of the litigation. 29 U.S.C. § 1132(g)(2). In support of their request for this relief, Plaintiffs submitted the declaration of Kristina F. Salamoun, an associate of the firm of Slevin & Hart, P.C. as well as a time sheet itemizing the time spent by various attorneys and staff associated with the work done by Slevin & Hart, P.C. (Dkt. Nos. 10, 10-1.) Plaintiffs seek $6,656.87 in attorneys' fees and costs. (Compl. ¶ 1, Dkt. No. 7 at 2.) Having examined and reviewed the declarations and time sheet, the undersigned Magistrate Judge finds that the requested fees and costs are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights.

## IV. RECOMMENDATION

The undersigned Magistrate Judge finds that the submitted pleadings and affidavits establish that Plaintiffs are entitled to a default judgment against Defendant. Therefore, the undersigned recommends that Plaintiffs' Motion for Default Judgment be granted. The undersigned recommends entry of default judgment in favor of Plaintiffs against Defendant in the total amount of $84,452.83, which includes $6,656.87 in attorneys' fees and costs.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Leo Sckura
Registered Agent, B Brand Sheet Metal Incorporated Inc.
1117 Hollywood Boulevard
Point Pleasant, NJ 08742

August 22, 2018
Alexandria, Virginia

/s/
Ivan D. Davis
United States Magistrate Judge

8